PORTER R. OSBORNE *vs.* JOHN H. W. ATKINS.

A judgment on a covenant of warranty, for damages for an ouster from part of the land by paramount title, is a bar to a subsequent action on the same covenant to recover an amount which the plaintiff has been obliged to pay the owner of that title for occupying the whole land previously to such ouster.

ACTION OF CONTRACT, commenced on the 13th of September 1854, on the covenant of warranty contained in a deed from the defendant to Eli Osborne, dated April 10th 1839, of land in Blandford, since conveyed by said Eli to the plaintiff with like warranty.   The breaches alleged in the declaration were, 1st. An ouster of the plaintiff in 1851 from one fifth part of the premises by Thomas Ballard and wife, under a decree for partition obtained by them in her right, claiming under an elder and better title ; 2d.   A judgment recovered by said Ballard and wife at October term 1853 of the court of common pleas, in an action commenced on the 15th of November 1852, under the Rev. Sts. *c.* 105, § 7, for damages for cutting wood and timber on the land by the plaintiff during his occupation, previously to said partition.

Answer, a judgment recovered by the plaintiff against the defendant at March term 1854 of the court of common pleas, in an action on the same covenant, commenced on the 1st of January 1852.

The parties submitted this case to the decision of the court upon a statement of facts, in which the facts above stated were admitted, and it was further agreed that the former action between these parties was to recover damages for the same eviction now relied upon ; and that the judgment recovered by Ballard and wife was for no more than the actual value of the wood cut.

*N. T. Leonard & C. A. Winchester,* for the plaintiff. The claim of Ballard and wife was in the nature of an incumbrance on the whole land, to remove which the plaintiff has been compelled to pay the amount of the judgment, claimed by him in this suit, in addition to the loss of one fifth of the land, and this action may be maintained for its recovery ; and the former recovery is no bar. *Sprague* v. *Baker,* 17 Mass. 588. *Avery* v. *Fitch,* 4 Conn. 364. *Louw* v. *Davis,* 13 Johns. 227. *Beach* v. *Crain,* 2 Comst. 86. *Gordon* v. *Kennedy,* 2 Binn. 287.

*W. G. Bates,* for the defendant.

THOMAS, J. If, as the plaintiff claims, the interest of Ballard and wife was an incumbrance upon the estate, then, the covenant against incumbrances not running with the land, the plaintiff, as the grantee of Eli Osborne, could not sue upon it, and had no cause of action against the defendant.

But it is not so. Ballard and wife, in her right, held the one fifth part of the estate by an elder and better title ; by force of which, under the petition for partition, the plaintiff was evicted. His remedy for such eviction was upon the covenant to warrant and defend. Upon that covenant he sued and recovered judgment. That judgment was on the same cause of action for which this suit is brought. The plaintiff can have but one action for that one breach ; and the judgment in the first suit is a perfect bar to recovery in this.

*Judgment for the defendant.*